IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>DONALD R. HAMILTON,<br><br>    Defendant. | 8:22CR145<br><br>PLAINTIFF'S SENTENCING MEMORANDUM |

  Plaintiff, United States of America, by and through the undersigned Assistant United States Attorney for the District of Nebraska, offers its *Sentencing Memorandum* in advance of the hearing scheduled for November 8, 2023 at 10:30 a.m. Plaintiff requests that the Court accept the Plea Agreement (Filing No. 48).

**A.**  **Procedural History.**

  On June 14, 2022, Donald R. Hamilton (Hamilton) was indicted by the Grand Jury in the District of Nebraska on one count of possession of visual depictions of minors engaging in sexually explicit conduct, in violation of Title 18, United States Code, Section 2252(a)(4)(B), and one count of receipt or distribution of visual depictions of minors engaging in sexually explicit conduct, in violation of Title 18, United States Code, Section 2252(a)(1) & (b)(1).

  No pretrial motions were filed in the case and on June 12, 2023, the Court issued a Trial Order setting trial for July 18, 2023. (Filing No. 39). The Defendant pled guilty to Count I of the Indictment on August 15, 2023 (Text Minute Entry 42). The Court adopted the Magistrate Judge's Findings and Recommendations on Plea of Guilty, found the defendant guilty, and accepted the plea on October 2, 2023. (Filing No. 50).

  The parties did not object to the initial Presentence Investigation Report (PSR). The Revised PSR calculated that defendant had zero criminal history points placing him in criminal

1

history category I. (PSR ¶ 67). Defendant had an adjusted offense level of 37 and a 3-level reduction for acceptance of responsibility establishing an adjusted total offense level of 34. (PSR ¶¶ 51-63). Accordingly, defendant's sentencing guideline range is 151-188 months' imprisonment. (PSR ¶ 112).

**B.      Factual Background.**

The factual background of this case is accurately set forth in ¶¶ 19-26 and 29-37 of the PSR.

**C.      Contested and Uncontested Sentencing Issues.**

1.      *Defendant's Motion for Downward Variance.*

The parties have effectively factored a variance into the plea agreement (Filing No. 48) by capping imprisonment at 140 months. Therefore, Plaintiff does not oppose a downward variance in principle but **disagrees** that the 78-month sentence requested by the defendant is sufficient and appropriate. Defendant is a sophisticated computer user as illustrated by his use of peer to peer sharing via the BitTorrent network. His use of BitTorrent suggests that he went to great lengths to conceal his illegal activity. As noted in the PSR, his collection of child pornography includes images affecting at least six identified victims. His collection included prepubescent children, adults engaging in sex with children, and children bound with ligatures. Finally, defendant violated the conditions of his pretrial supervision by attending a child's birthday party resulting in a revocation of his release. (Text Minute Entry 59). Accordingly, Plaintiff will seek a 140-month sentence to imprisonment.

2.      *Plaintiff's Responses to Defendant's Objections to the Revised Presentence Report.*

Defendant filed objections to the Revised PSR on October 23, 2023. (Filing No. 52). Plaintiff responds to each as set forth below:

      *(a)      Objection to restitution, Paragraphs 38-44, 122, and Special Condition K.*

Pursuant to 18 U.S.C. § 2259(c)(3), this is a child pornography trafficking offense and thus restitution is mandatory as set forth in 18 U.S.C. § 2259(b)(2). The Court shall determine the full amount of the victims' losses and shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victims' losses, but which is no less than $3,000.

Of the identified victims, the government has received six requests for restitution in the amounts of $1,668,232.47 (x1), $5,000.00 (x2), and $10,000 (x3). of $3,000. (PSR ¶¶ 39-44, 117). Under 18 U.S.C. § 2259, victims of certain child exploitation offenses are allowed mandatory restitution. In <u>Paroline v. United States,</u> 134 S. Ct. 1710 (2014), the Supreme Court established a "relaxed causation" inquiry for purposes of determining restitution pursuant to 18 U.S.C. § 2259. The size of that portion should be determined by the district court, in exercise of its discretion. <u>Id</u>. At 1728. The Court emphasized that there was no "precise mathematical inquiry" governing this determination and that district courts will have to exercise "discretion and sound judgment" in fashioning awards. <u>Id.</u> Courts may begin their calculations by determining "the amount of the victim's losses caused by the continuing traffic in the victim's images (excluding, of course, any remote losses…)". <u>Id</u>. Courts may then consider a variety of factors, which "could include": (1) "the number of past criminal defendants found to have contributed to the victim's general losses"; (2) "reasonable predictions of the number of future [defendants]; (3) "any viable and reasonably reliable estimate of the broader number of offenders"; (4) whether the defendant distributed the images; (5) whether he contributed to their original production; (6) how many images he possessed; and (7) "other facts relevant to the defendant's relative causal role." *Id.*

3

To date, the United States Attorney's Office has received six requests for restitution from known victims. (PSR ¶¶ 39-44). The evidence set forth in the submissions by the victims, or their representatives, is sufficient to show that Hamilton's offense proximately caused losses to them. As Paroline acknowledged, "the victim suffers continuing and grievous harm as a result of her knowledge that a large, indeterminate number of individuals have viewed and will in the future view images of sexual abuse she endured". Paroline, 134 S. Ct. at 1727. Losses identified by the victim in this case are of the type that one should expect a child pornography victim to suffer—they are both foreseeable results of and within the scope of the risk created by child pornography production, distribution, and possession.

   (b)  *Objection to enhancement for number of images, Paragraphs 37 and 56.*

Defendant agreed to the factual basis for the offense set forth in the plea agreement which states, "The files downloaded between March 27, 2021, and August 29, 2021, total 670 image files and 25 video files. These 695 files include depictions of child pornography…" (Filing No. 48). Defendant therefore agreed that the number of images exceeded 600, and the 5-level enhancement applies pursuant to § 2G2.2(b)(7).

//
//
//
//
//
//
//
//

**D.     Conclusion.**

Plaintiff respectfully requests that the Court accept the plea agreement and sentence the defendant to imprisonment for 140 months.

UNITED STATES OF AMERICA,
Plaintiff

SUSAN T. LEHR
Acting United States Attorney
District of Nebraska

By:    s/ Christopher L. Ferretti
       CHRISTOPHER L. FERRETTI
       DC Bar #985340
       Assistant U.S. Attorney
       1620 Dodge Street, Suite 1400
       Omaha, NE  68102-1506
       Tel:  (402) 661-3700
       Fax:  (402) 345-5724
       E-mail:  christopher.ferretti@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants.  I also hereby certify that a copy of the same was served by regular mail, postage prepaid, to the following non-CM/ECF participants:

    Sandra Foster
    US Probation

s/ Christopher L. Ferretti
Assistant U.S. Attorney
